IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE,<br><br>    Defendants. | Case No. 1:07-cv-02112 (EGS) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION FOR REVIEW OF AGENCY ACTION**

  Defendants the United States Department of the Interior ("DOI") and National Park Service ("NPS"), by and through undersigned counsel, hereby answer each numbered paragraph of Plaintiff's First Amended Petition for Review of Agency Action, dated December 18, 2007. The numbered paragraphs of the Federal Defendants' Answer correspond to the numbered paragraphs of the First Amended Petition.

**NATURE OF THIS CASE**

  1. Paragraph 1 contains Plaintiff's characterization of its lawsuit, to which no response is required. To the extent a response is required, Defendants admit that the Winter Use Plan allows 540 snowmobiles per day into Yellowstone and deny the third sentence.

  2. Paragraph 2 contains Plaintiff's characterization of the Winter Use Plan and the reasons it was enacted, to which no response is required. To the extent a response is required, Defendants deny the allegations contained Paragraph 2.

3. To the extent a response is required, Defendants deny the allegations of Paragraph 3. To the extent the allegations characterize the NPS Management Policies 2006, that document speaks for itself and is the best evidence of its contents.

4. Defendants deny the allegations of Paragraph 4.

5. Paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6.-7. Paragraphs 6 and 7 contain legal conclusions to which no response is required.

## PARTIES AND STANDING

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis deny them.

9. Defendants admit the allegations in Paragraph 9.

## FACTUAL BACKGROUND

10.-11. The allegations set forth in these paragraphs are Plaintiff's characterizations of the Yellowstone Act of 1872, 16 U.S.C. § 22, and the other documents cited, which speak for themselves and are the best evidence of their contents.

12.-14. The allegations set forth in these paragraphs are Plaintiff's characterizations of the various statutes cited, which speak for themselves and are the best evidence of their contents.

15. Defendants deny the allegations in the first two sentences of Paragraph 15. The allegations in the remaining sentences are Plaintiff's characterizations of the NPS Management Policies 2006, which speaks for itself and is the best evidence of its contents.

16. The first sentence of Paragraph 16 is a legal conclusion to which no response is

required; to the extent a response is required, Defendants deny the allegation. The allegations set forth in the remaining sentences are Plaintiff's characterizations of the cited statutes, which speak for themselves and are the best evidence of their contents. The fifth sentence of Paragraph 16 also contains a legal conclusion to which no response is required. To the extent a response is required to the legal conclusion contained in the fifth sentence of this paragraph, it is denied.

17-18. The allegations set forth in these paragraphs are Plaintiff's characterizations of the Executive Order and the regulations cited, which speak for themselves and are the best evidence of their contents.

19. Defendants admit that a lawsuit was filed in the District Court for the District of Columbia in 1997 and otherwise deny the remaining allegations in the first sentence. The allegations set forth in the remaining sentences are Plaintiff's characterizations of the 2000 Environmental Impact Statement (EIS) and Record of Decision (ROD) and the 2001 Rule, which speak for themselves and are the best evidence of their contents.

20. Defendants deny the allegations of the third sentence and admit the allegations of the remaining sentences of Paragraph 20.

21. The allegations in Paragraph 21 are Plaintiff's characterizations of the Court's decision in <u>Fund For Animals v. Norton</u>, 294 F. Supp. 2d 92 (D.D.C. 2003), which speaks for itself and is the best evidence of its contents.

22. Defendants deny the allegations of Paragraph 22.

23. The allegations set forth in Paragraph 23 contain Plaintiff's characterization of the 2004 Winter Use Rule, which speaks for itself and is the best evidence of its contents.

24. Defendants admit the allegations in Paragraphs 24.

25. Defendants deny the characterization of the long-term plan and rule as

"permanent," and otherwise admit the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. The allegations in Paragraph 27 are Plaintiff's characterizations of the 2007 Draft EIS, which speaks for itself and is the best evidence of its contents. Defendants again deny the characterization of the long-term plan and rule as "permanent."

28. Though the source of the quotation in the second sentence is uncertain, the allegations in Paragraph 28 appear to be Plaintiff's characterizations of the 2007 Draft EIS, which speaks for itself and is the best evidence of its contents.

29. Defendants admit the allegations in the first two sentences of Paragraph 29. The remaining allegations contained in the paragraph consist of Plaintiff's characterization of comment letters, which speak for themselves and are the best evidence of their contents.

30. Defendants admit the allegation contained in the first sentence of Paragraph 30. The remaining allegations contained in this paragraph consist of Plaintiff's characterization of the 2007 FEIS, which speaks for itself and is the best evidence of its contents.

31. The allegations in Paragraph 31 are Plaintiff's characterizations of the 2007 Final EIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations contained in this paragraph are inconsistent with the 2007 Final EIS, they are denied.

32. Defendants deny the allegations in Paragraph 32.

33. The allegations in Paragraph 33 are Plaintiff's characterizations of the 2007 Final EIS, which speaks for itself and is the best evidence of its contents.

34. The allegations contained in the first sentence of Paragraph 34 consist of Plaintiff's characterization of the 2007 FEIS, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations contained in the second sentence of Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants admit the allegations of the first sentence of Paragraph 36. The remaining allegations contained in this paragraph consist of Plaintiff's characterization of the FEIS, which speaks for itself and is the best evidence of its contents. To the extent a response is required to the allegations contained in the second through sixth sentences of this paragraph, they are denied.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations of the first sentence of Paragraph 38. The second and third sentences are Plaintiff's characterization of the cited study, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations of the fourth sentence.

39. The first sentence is Plaintiff's characterization of the 2007 Final EIS, which speaks for itself and is the best evidence of its contents. Defendant admit the allegations in the second sentence and deny the allegations in the third and fourth sentences of this paragraph.

40. Defendants deny the allegations in the first sentence of Paragraph 40. Defendants admit that since snowmobile use is concentrated in and around travel corridors and developed areas, that is where the impacts would be most evident, and deny the remaining allegations of Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42. The quoted language is an assumption that was common to all alternatives, and is not tied to "increases in winter traffic levels."

43. Defendants admit the allegations in the first sentence of Paragraph 43 and deny the remaining allegations.

44. Defendants deny the allegations in the first three sentences of Paragraph 44. The fourth and fifth sentences are Plaintiff's characterization of the cited documents, which speak for themselves and are the best evidence of their contents. Defendants deny the allegations in the sixth sentence.

45. Defendants deny the allegations in Paragraph 45.

46. The first, second, and fifth sentences of Paragraph 46 are Plaintiff's characterization of the 2007 Final EIS, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the third and fourth sentences.

47. The first, second and third sentences of Paragraph 47 are Plaintiff's characterization of the 2007 Final EIS, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the fourth sentence of this paragraph.

48. The allegations contained in Paragraph 48 consist of Plaintiff's characterization of the 2007 Final EIS and Winter Use Plan, which speak for themselves and are the best evidence of their contents.

49. Defendants deny the allegations in the first and third sentences of Paragraph 49. The second sentence is Plaintiff's characterization of the 2007 Final EIS, which speaks for itself and is the best evidence of its contents.

50. Defendants deny the allegations in Paragraph 50. To the extent that the allegations contained in this paragraph consist of Plaintiff's characterization of a January 2007 NPS study, the referenced document speaks for itself and is the best evidence of its contents.

51. Defendants deny the allegations contained in the first and third sentences of Paragraph 51. The allegations contained in the second sentence of this paragraph consist of Plaintiff's characterization of the FEIS, which speaks for itself and is the best evidence of its

contents.

52. Defendants admit the allegations in the first sentence of Paragraph 52 and deny the allegations in the second sentence.

53. Defendants deny the allegations in Paragraph 53; the 2007 Final Rule was published on December 13, 2007.

## FIRST CLAIM FOR RELIEF

54. Paragraph 54 refers to the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.

55. Defendants deny the allegations in Paragraph 55.

## SECOND CLAIM FOR RELIEF

56. The first sentence of Paragraph 56 refers to the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 56.

## THIRD CLAIM FOR RELIEF

57. Paragraph 57 refers the National Environmental Policy Act (NEPA), which speaks for itself and is the best evidence of its contents.

58. Defendants deny the allegations in Paragraph 58.

## PRAYER FOR RELIEF

Paragraphs (1)-(2) following Paragraph 58 state Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## ALL CLAIMS

To the extent that any allegation contained in Plaintiff's First Amended Petition for Review of Agency Action dated December 18, 2007 remains unanswered, Defendants deny each allegation.

## DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's action is barred by the statute of limitations.

3. Plaintiff's action is barred by laches.

4. This Court lacks subject matter jurisdiction over all or at least some of Plaintiff's claims.

WHEREFORE, Defendants respectfully request that the Court dismiss this action with prejudice, with all parties to bear their own costs and attorneys' fees, and grant such additional relief as it deems fitting and just.

Respectfully submitted this 22nd day of January, 2008,

RONALD J. TENPAS
Assistant Attorney General

  /s/ Barry A. Weiner
BARRY A. WEINER
LUTHER L. HAJEK
GUILLERMO A. MONTERO
United States Department of Justice
Environment and Natural Resources Division
Post Office Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0469; (202) 305-0492
Fax: (202) 305-0274
Email: Barry.Weiner@usdoj.gov
          Luke.Hajek@usdoj.gov
          Guillermo.Montero@usdoj.gov

Attorneys for the Defendants

OF COUNSEL:

JASON WAANDERS
U.S. Department of the Interior
Office of the Solicitor
Division of Parks and Wildlife
1849 C St., N.W., MS-3230
Washington, D.C.  20240
Tel: (202) 208-7957

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January 2008, a copy of the Defendants' Answer to Plaintiff's First Amended Petition for Review of Agency Action was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic case filing (ECF) system.

Robert David Rosenbaum
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, DC 20004-1206
(202) 942-5000
Email: robert_rosenbaum@aporter.com


/s Barry A. Weiner
BARRY A. WEINER