IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>           Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE<br><br>           Defendants. | Case No. 07-cv-2112 (EGS) |

**FEDERAL DEFENDANTS' MOTION TO CONSOLIDATE WITH
CIVIL NO. 07-2111 (EGS),
*GREATER YELLOWSTONE COALITION, ET AL. v. DIRK KEMPTHORNE, ET AL.***

Pursuant to Fed. R. Civ. P. 42(a), the defendants in the above-captioned case and Case No. 07-cv-2111 (EGS), which is also before this Court, hereby move the Court to consolidate the cases. Both cases present challenges to the same agency actions, against the same federal agencies, and will be resolved based on the same administrative record. Accordingly, defendants submit that consolidation would further the convenience of the parties and promote judicial economy by, <u>inter alia</u>, allowing the parties to coordinate briefing schedules and hearing dates for any of the various motions that may be filed throughout the course of the litigation.

**I.    Background:**

On December 13, 2007, the National Park Service (hereinafter "Service" or "Federal Defendants") published in the Federal Register a Final Rule governing winter use in three units of the National Park System: Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Parkway (Collectively, "the Parks"). The Final Rule, which

- 1 -

became effective on December 19, 2007, implemented the Service's Record of Decision ("ROD") for the "Winter Use Plans Final Environmental Impact Statement" ("EIS"), and amended the Special Regulations governing the use and management of all three Parks with respect to winter use.  See 36 C.F.R. §§ 7.13, 7.21, 7.22.

On December 18, 2007, the National Parks Conservation Association ("NPCA") filed a First Amended Petition for Review of Agency Action in the above-captioned case.  NPCA alleges that the EIS, ROD, and Final Rule violate several federal laws including the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., the National Park Service Organic Act ("Organic Act"), 16 U.S.C. § 1 et seq., the General Authorities Act, 16 U.S.C. § 1a-1 et seq., the Yellowstone National Park Enabling Act, 16 U.S.C. § 21 et seq., Executive Order 11644 ("EO 11644"), and 36 C.F.R. § 2.18(c).

Shortly thereafter, on January 11, 2008, the Greater Yellowstone Coalition, the Wilderness Society, the Natural Resources Defense Council, the Winter Wildlands Alliance, and the Sierra Club (Collectively the "GYC") filed a First Amended and Supplemented Complaint for Declaratory and Injunctive Relief.  As in the above-captioned case, GYC challenges the EIS, ROD, and Final Rule, alleging that they violate the Organic Act, EO 11644, NEPA, the APA, and relevant Park Service regulations.  The second case, which is currently pending before this Court, is captioned Case No. 07-cv-2111 (EGS).

**II.     Argument:**

Federal Rule of Civil Procedure 42(a) provides that a district court may consolidate separate actions or discrete proceedings therein as follows:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." Stewart v. O'Neill, 225 F. Supp.2d 16, 20 (D.D.C. 2002). "When determining whether to exercise such discretion, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'" American Postal Workers Union v. United States Postal Service, 422 F. Supp.2d 240, 245 (D.D.C. 2006) (quoting Chang v. United States, 217 F.R.D. 262, 265 (D.D.C. 2003)).

Here, the above standards weigh heavily in favor of consolidating the above-captioned case with Case No. 07-cv-2111 (EGS), because both cases challenge the same EIS, ROD, and Final Rule, and both cases will require that the Court become familiar with the same administrative record. In addition, both cases present nearly identical issues of law, including:

(1)　claims that the Final Rule, EIS, and/or ROD violate the National Park Service Organic Act, the General Authorities Act, and the Yellowstone National Park Enabling Act, 16 U.S.C. § 22, by allegedly permitting impairment, injury, or spoliation of the Parks' wildlife, natural soundscapes, and air quality. Compare NPCA Complaint ¶55(a), (d) with GYC Complaint ¶44;

(2)　claims that the Final Rule, EIS, and/or ROD adversely affect the natural, aesthetic and scenic values within the Parks in violation of Executive Order 11644. Compare NPCA Complaint ¶55(b) with GYC Complaint ¶47;

(3)　claims that the Final Rule, EIS, and/or ROD authorize snowmobile use allegedly in violation of 36 C.F.R. §2.18(c). Compare NPCA Complaint ¶55(c) with GYC Complaint ¶50.

    (4)    claims that the EIS violated NEPA and/or the APA by using allegedly arbitrary standards for the analysis of impacts to wildlife, soundscapes, and air quality. <u>Compare</u> NPCA Complaint ¶¶ 56(a)-(c), 58(c)-(d) <u>with</u> GYC Complaint ¶¶ 53-54, 58, 62, 65.

Given that the cases challenge the same agency actions, share an administrative record, and present nearly identical legal issues, Federal Defendants respectfully submit that a consolidation of the cases will not cause confusion or result in a delay of proceedings. In addition, Federal Defendants submit that consolidation will not prejudice any of the parties.

The parties in both cases have discussed the instant motion in compliance with LCvRs 7(m), 16.3, and this Court's January 24, 2008 Order (Dkt. #12), and have made a good faith effort to narrow the areas of disagreement. During that meet and confer process, Federal Defendants alerted the plaintiffs that Defendants intend to file a motion to transfer both cases to the District Court for the District of Wyoming, so that they may be coordinated with a case that also challenges the same agency actions and is proceeding concurrently in that district. In light of this disclosure, and as memorialized in the Joint Case Management Statement filed with this Court on March 7, 2008 (Dkt. #14 at 8), the parties generally agreed that the two cases should be consolidated, provided:

> [T]hat (i) any order of consolidation should state that, in the event there is a motion to transfer this case to the United States District Court for the District of Wyoming, such motion should be addressed and resolved separately for each of the instant case and the Greater Yellowstone Coalition case without regard to their having been consolidated and (ii) the NPCA reserves the right to file separate briefs.

Dkt. #14 at 8.  The parties further agreed that a motion to consolidate would be filed no later than March 14, 2008.[1/]

On March 11, 2008, however, counsel for NPCA indicated that NPCA would oppose the motion.  Later that same day, NPCA indicated that it might once again reevaluate its position and, potentially, join in the motion for consolidation.  Since that time, the undersigned counsel has had only limited contact with counsel for NPCA and, on that basis cannot represent with certainty whether NPCA would oppose the instant motion.

Notwithstanding, Federal Defendants respectfully submit that no prejudice will befall the NPCA as a result of consolidation.  To the contrary, Defendants submit that consolidation of the cases would further the convenience of the parties and judicial economy by allowing the parties to coordinate briefing schedules and hearing dates for any of the various motions that may be filed throughout the course of the litigation, and by eliminating the need for the parties to file similar or even duplicate pleadings in each of the two cases every time the need for a motion arises.

## III.  Conclusion

For the foregoing reasons, Federal Defendants respectfully request that the Court consolidate the above-captioned case with Case No. 07-cv-2111 (EGS) for all purposes.  To accommodate the plaintiffs' concerns in both cases, however, Defendants request that the Court

---

[1/]    Similarly, the Joint Case Management Statement in Case No. 07-cv-2111 (EGS) states:

> The Parties agree that National Parks Conservation Association v. U.S. Department of the Interior, 07-cv-2112, the later-filed case, should be consolidated with this case, provided that the Greater Yellowstone Coalition plaintiffs and NPCA maintain the right to file separate briefs.

See Case No. 07-cv-2111, Dkt. #18 at 6.

include the following caveats in its order of consolidation: (1) that the plaintiffs in both cases retain the right to file separate pleadings, motions, and briefs; and (2) that in the event Defendants file a motion to transfer venue, such motion should be addressed and resolved separately for each of the two cases without regard to their having been consolidated.

Pursuant to LCvR 7(m), the undersigned counsel conferred with counsel for NPCA regarding the instant motion on several occasions. While initially stating that NPCA would join in the motion subject to the conditions stated in the parties' Joint Case Management Statement, the undersigned counsel now understands that NPCA's position on the instant motion remains in flux. On that basis, the undersigned counsel cannot represent whether NPCA would oppose this motion.

Respectfully submitted this 13th day of March, 2008.

          RONALD J. TENPAS
          Assistant Attorney General

          /s/ Guillermo A. Montero
          GUILLERMO A. MONTERO
          BARRY A. WEINER
          LUTHER L. HAJEK
          United States Department of Justice
          Environment and Natural Resources Division
          Post Office Box 663
          Washington, D.C. 20044-0663
          Telephone: (202) 305-0469; (202) 305-0492
          Fax: (202) 305-0274
          Email: Barry.Weiner@usdoj.gov
                Luke.Hajek@usdoj.gov
                Guillermo.Montero@usdoj.gov

          Attorneys for the Defendants

OF COUNSEL:

JASON WAANDERS
U.S. Department of the Interior
Office of the Solicitor

Division of Parks and Wildlife
1849 C St., N.W., MS-3230
Washington, D.C.  20240
Tel: (202) 208-7957

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 07-cv-2112 (EGS) |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE | ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER GRANTING
FEDERAL DEFENDANTS' MOTION TO CONSOLIDATE WITH
CIVIL NO. 07-2111 (EGS),
*GREATER YELLOWSTONE COALITION, ET AL. v. DIRK KEMPTHORNE, ET AL.***

**[PROPOSED] ORDER**

This matter comes before the Court on the Parties' joint motion to consolidate the instant case, Case No. 07-cv-2112 (EGS), with another action which is also before this Court, Greater Yellowstone Coalition v. Kempthorne, Case No. 07-cv-2111 (EGS). For the reasons stated therein, it is determined that the cases should be consolidated.

Accordingly, it is hereby ORDERED that the Parties' Joint Motion to Consolidate with Civil No. 07-2111 (EGS), Greater Yellowstone Coalition, et al. v. Dirk Kempthorne, et al., is GRANTED.

However, to accommodate the plaintiffs' concerns in both cases, and consistent with the movant's request, it is FURTHER ORDERED (1) that the plaintiffs in both cases retain the right to file separate pleadings, motions, and briefs; and (2) that in the event Defendants file a motion to transfer venue, such motion should be addressed and resolved separately for each of the two cases without regard to their having been consolidated.

DATED: _____, 2008        By: _____
                                        Honorable Emmet G. Sullivan
                                        U.S. District Court Judge