IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE,<br><br>Defendants. | Case No. 1:07-cv-02112 (EGS) |

**PLAINTIFF'S JOINDER IN FEDERAL DEFENDANTS' MOTION TO CONSOLIDATE WITH CIVIL ACTION NO. 07-02111 (EGS)**

Plaintiff National Parks Conservation Association ("NPCA") joins in the motion for consolidation filed by the Federal Defendants. NPCA submits this separate joinder for purposes of clarification.

1. The NPCA agrees that consolidation would serve the convenience of the parties and the Court and supports consolidation. Despite the Federal Defendants' statements that they were unaware of the NPCA's position on this motion, NPCA's counsel, who was medically indisposed, advised the Federal Defendants' counsel by email of March 13, 2008: "I suggest you go ahead and file your motion and we will file a separate joinder."

2. In light of the forthcoming transfer motion, the NPCA respectfully wishes to clarify the nature of the consolidation which it supports. The consolidation which the NPCA understands is sought by the Federal Defendants' motion will be "a purely ministerial act" which will, *inter alia,* ease the administrative burden of duplicative

pleadings on the Federal Defendants and the Court. *See New York v. Microsoft Corp.*, 2002 WL 318565 (D.D.C. 2002) ("[R]ather than merging the rights of the parties, consolidation is a purely ministerial act which, *inter alia,* relieves the parties and the Court of the burden of duplicative pleadings.") However, such consolidation would not merge the two suits into a single cause or change the rights of the parties. *See Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496-97 (1933)(Consolidation "does not merge the suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another."). The Federal Defendants' forthcoming transfer motion, therefore, would be resolved separately for each of the instant case and the Greater Yellowstone Coalition case without regard to their having been consolidated. The NPCA supports the Federal Defendants' request for an explicit statement to that effect in the consolidation order.

3. The NPCA intends vigorously to oppose the Federal Defendants' forthcoming motion for transfer. If there is to be a single court before which the litigation concerning the National Park Service's snowmobile regulation is to be litigated, NPCA will demonstrate that this is the proper court in which such litigation should be prosecuted.

4.      The *Greater Yellowstone Coalition* Plaintiffs state that they do not oppose consolidation so long as their case is "designated as the lead case." NPCA would object to any such designation if it means anything other than merely the order in which the captions of the cases are placed on filings in the consolidated litigation.

Respectfully submitted,

/s/ Robert D. Rosenbaum

Robert D. Rosenbaum (D.C. Bar No. 090498)
Donna E. Patterson (D.C. Bar No. 358701)
Ingo W. Sprie
Meetu Kaul (D.C. Bar No. 468146)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Phone:   (202) 942-5862
Fax:       (202) 942-5999

Attorneys for Plaintiff

Dated: March 14, 2008