IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
GREATER YELLOWSTONE COALITION,    )
et al.,                                                            )
                            Plaintiffs,                       )
                                                                   )    Case No. 07-cv-2111 (EGS)
          v.                                                     )
                                                                   )    [Hearing on Motions for Summary
DIRK KEMPTHORNE, et al.,                       )    Judgment on August 27, 2008]
                                                                   )
                            Defendants.                   )
_____)

_____
)
NATIONAL PARKS CONSERVATION    )
ASSOCIATION,                                          )
                                                                   )
                            Plaintiff,                        )
                                                                   )    Case No. 07-cv-2112 (EGS)
          v.                                                     )
                                                                   )    [Hearing on Motions for Summary
UNITED STATES DEPARTMENT OF THE    )    Judgment on August 27, 2008]
INTERIOR; NATIONAL PARK SERVICE      )
                                                                   )
                            Defendants.                   )
_____)

**PLAINTIFF NPCA'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR
EXTENSION OF TIME AND REDUCTION OF THE TIME REQUESTED**

1.      Federal Defendants claim this request for an extension is based solely on the need

to review the administrative record, but that is only part of what the National Parks Conservation

Association ("NPCA") stated in support of an extension.  NPCA requested additional time

needed to gather various facts relevant to the transfer motion, only some of which might be

contained within the administrative record.  NPCA and its counsel are diligently gathering these facts now.

2.     The Federal Defendants also make much of their last minute offer to provide NPCA with the administrative record on Thursday, April 3 rather than on Friday, April 4.  But NPCA's counsel explained to the Government that counsel at the firm of Arnold & Porter are working to prepare the NPCA's opposition to the Federal Defendants' Motion to Transfer and NPCA's forthcoming motion for summary judgment.  Accordingly, the NPCA's Deputy General Counsel plans to perform the record review on behalf of the NPCA.  She is based in Florida.

Federal Defendants originally indicated they would make the index to the administrative record, as well as the record itself, available to NPCA on Friday April 4.  Thus, the NPCA Deputy General Counsel had made arrangements to fly to Washington D.C. to review the administrative record starting the morning of Monday April 7.  That plan was  based on a balancing of (i) the cost of making two trips, rather than one, to Washington and (ii) the fact that starting the review Monday rather than Friday only meant a one day delay in commencing the review. After these arrangements had been finalized for some time, Federal Defendants made a last-minute offer on Wednesday April 2 that they would make the record available one day earlier, on April 3.  However, the NPCA Deputy General Counsel was not able to rearrange her schedule at the last minute to accept that proposal and doing so would have required the cost of two trips instead of one.  *See* email attached that was omitted from the Government's response.

3.     Nevertheless, based on the progress being made by the NPCA this week on its opposition to the transfer motion, the NPCA hereby reduces the extension requested to April 11, 2008, at 1:00 PM.  This is the extension to which the Government has consented.  However, the

NPCA asks the Court for flexibility in permitting the subsequent filing of any supporting affidavits not reasonably obtainable by April 11.

Respectfully submitted,


/s/ _____
Robert D. Rosenbaum (D.C. Bar No. 090498)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004
Phone:   (202) 942-5862
Fax:      (202) 942-5999

Attorneys for Plaintiff

April 3, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2008, I caused the Plaintiff National Parks Conservation Association's Reply Memorandum in Support of Its Motion for Extension of Time to be served on the Court and counsel listed below via the Electronic Case Filing System for the District of Columbia ("ECF") or by electronic mail:


Guillermo A. Montero, MA Bar No. 660903
Barry A. Weiner, NY Bar No. 2739894
Luther L. Hajek, DC Bar No.467742
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, DC  20044-0663
Phone: (202) 305-0469
Fax:    (202) 305-0274

*Attorneys for Federal Defendants*

David S. Baron
EARTHJUSTICE
1625 Massachusetts Avenue, NW, Suite 702
Washington, DC 20036
Phone: (202) 667-4500
Fax:    (202) 667-2356
Email: dbaron@earthjustice.org

Douglas L. Honnold
Sean M. Helle
EARTHJUSTICE
209 South Willson Avenue
Bozeman, MT 59715-4630
Phone: (406) 586-9699
Fax:    (406) 586-9695
Email: dhonnold@earthjustice.org
Email: shelle@earthjustice.org

*Attorneys for Plaintiff Greater Yellowstone Coalition*


/s/ _____
Robert D. Rosenbaum

**Robert Rosenbaum/Atty/DC /ArnoldAndPorter**
DC - 910   202-942-5862

04/03/2008 11:05 AM

|  |  |
|---|---|
| To | "Hajek, Luke (ENRD)" <Luke.Hajek@usdoj.gov> |
| cc | "Weiner, Barry (ENRD)" <Barry.Weiner@usdoj.gov>, "Montero, Guillermo (ENRD)" <Guillermo.Montero@usdoj.gov>, Meetu_Kaul@aporter.com, "Sean Helle" <shelle@earthjustice.org> |
| Subject | RE: Index part 6 |

Meetu has passed on to me your last email.

We all agree that the transfer motion should be decided as soon as reasonably possible. But your last minute offer to advance the delivery of the record does not help in that regard. We here are all deeply invloved in preparing the opposition to your transfer motion and working on our motion for summary judgment. We have all begun to review the index, and your providing it 2 days early is appreciated. But the deputy general counsel of the NPCA had made travel arrangements to come to DC to begin the record review beginning early Monday. Those arrangements were made based on the court's order that you make the record available on Friday, April 4 and balancing the costs of making 2 trips rather than one against the one business day delay from Friday to Monday. To change those plans now at the last minute, in addition to impacting her other scheduling concerns, would cost even more than if she had been told when we first started discussing the record delivery schedule that you could make it available earlier than you had then stated.

We do not intend to take any more time than we reasonably need to get our response filed. If the court gives us the time we seek and we are ready to file sooner than that, we will do so. But there are factual and legal issues we need to address and we simply cannot agree to accept your schedule in that regard.