# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
GREATER YELLOWSTONE COALITION, et al.  )
)
    Plaintiffs,                )
)
    v.                    )      Case No. 1:07-cv-02111 (EGS)
)
KEMPTHORNE, et al.          )      [Hearing on Motions for Summary
)      Judgment on August 27, 2008]
    Defendants.          )
_____)
)
NATIONAL PARKS CONSERVATION    )
    ASSOCIATION,             )
)
    Plaintiff,              )
)
    v.                    )      Case No. 1:07-cv-02112 (EGS)
)
UNITED STATES DEPARTMENT OF THE  )      [Hearing on Motions for Summary
    INTERIOR, et al.,          )      Judgment on August 27, 2008]
)
    Defendants.          )
_____)

## APPLICANT INTERVENORS' REPLY MEMORANDUM
## IN SUPPORT OF MOTION TO INTERVENE

       Pursuant to Federal Rule of Civil Procedure 24 and Local Civil Rule 7 of this Court, the

International Snowmobile Manufacturers Association ("ISMA"), American Council of Snowmobile

Associations ("ACSA"), BlueRibbon Coalition ("BRC") and individual Terri Manning (collectively

"Applicant Intervenors") by and through counsel, hereby submit their Reply Memorandum in

Support of their Motions to Intervene in both of these consolidated cases (ECF Docs. No. 24 (in case

no. 1:07-cv-02111) and 15 (in case no. 1:07-cv-2112)).[1]

_____

[1] Throughout this memorandum, case no. 1:07-cv-02111 (EGS) is referred to as the "GYC Case" and case no. 1:07-cv-2112 is referred to as the "NPCA Case."  References to the "consolidated cases" or "consolidated actions" refer
{G:\101238\12\00001414.DOC}

# INTRODUCTION

This action relates to the 2007 Winter Use Regulations for Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Highway, published by the National Park Service ("NPS") at 72 Fed. Reg. 70781 *et seq.* (Dec. 13, 2007) ("2007 Final Rule"). Plaintiffs in this consolidated action argue, *inter alia*, that the 2007 Final Rule is arbitrary and capricious and contrary to law and accordingly violates the Administrative Procedure Act and other federal law.

Applicant Intervenors filed a motion to intervene in the National Parks Conservation Association ("NPCA") case on March 12, and a motion to intervene in the Greater Yellowstone Coalition ("GYC") case on March 20. Federal Defendants filed their Memorandum in Opposition to International Snowmobile Manufacturer's Associations' Motion to Intervene (ECF Doc. No. 26) ("Federal Defendants' Opposition") on March 27, and the Greater Yellowstone Coalition ("GYC") filed its Response to International Snowmobile Manufacturers Association et al.'s Motion to Intervene (ECF Doc. No. 27) ("GYC's Response") on March 31.

Federal Defendants oppose Applicant Intervenors' intervention only insofar as the Applicant Intervenors seek to assert cross-claims against the Federal Defendants. Federal Defendants argue that Applicant Intervenors have no right to assert their cross-claims because their interests will not be adversely impacted if they are not permitted to litigate their cross-claims here and because Applicant Intervenors' cross claims here would adversely impact the policy goals of efficiency and judicial economy and the doctrine of comity.[2] Furthermore, Federal Defendants argue, the Court should deny permissive intervention for Applicant Intervenors to assert their cross-claims because

---

to both cases.
[2] According to Federal Defendants, allowing Applicant Intervenors' cross-claims here would present the possibility of a ruling inconsistent with that issued in <u>State of Wyoming v. United States Department of the Interior</u>, No. 07-CV-319B in the U.S. District Court for the District of Wyoming, where Applicant Intervenors have asserted similar claims. <u>See</u> Federal Defendants' Opposition at 8-9.

doing so would result in undue delay, burden, and prejudice to the existing parties.

GYC similarly states in its Response that it does not oppose Applicant Intervenors' cross-claims in this consolidated action as long as Applicant Intervenors dismiss their similar affirmative claims pending in the U.S. District Court for the District of Wyoming.[3]  GYC, like Federal Defendants, cites considerations of comity.

No party opposes Applicant Intervenors' intervention for purposes of defending against the claims of the Plaintiffs in this consolidated action.

A history of Winter Use Plans for Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Parkway is discussed at length in Applicant Intervenors' Memorandums in Support of their Motions to Intervene in each of the consolidated cases (ECF Docs. No. 24 in the GYC case ("Opening Brief in GYC") and No. 15-2 in the NPCA case ("Opening Brief in NPCA")).  That history is not repeated here.

## ARGUMENT

Federal Defendants' and GYC's arguments against Applicant Intervenor's counterclaims miss the mark, and Applicant Intervenors' motion to intervene should be granted in its entirety.  As noted above, no party opposes Applicant Intervenors' intervention as of right for purposes of defending against Plaintiffs' claims.  Applicant Intervenors maintain that they have a right to intervene for purposes of all phases of the consolidated cases including their counterclaims.  The adjudication of the underlying dispute between the existing parties is likely to result in rulings that have a persuasive, if not preclusive, stare decisis impact on Applicant Intervenors' claims and, accordingly, will impair or impede Applicant Intervenors' ability to protect their interests.  However, even if the Court finds that intervention as of right for purposes of Applicant Intervenors' cross-

claims is not justified, the Court should, at the very least, grant permissive intervention for purposes of Applicant Intervenors' counterclaims, as their counterclaims will likely involve many issues of law and/or fact identical to those of the underlying dispute between the existing parties and will not significantly delay this action or prejudice the existing parties.

I.    **Applicant Intervenors Are Entitled To Intervention As Of Right For All Elements Of This Case Including Their Cross-Claims**

Federal Defendants argue that Applicant Intervenors are not entitled to intervene as of right to assert their cross-claims in this consolidated action because (1) adjudication of this action without the cross-claims will not, as a practical matter, impair or impede Applicant Intervenors' ability to protect their interests; and (2) hearing Applicant Intervenors' cross-claims in this case will frustrate Federal Rule of Civil Procedure 13's goals of efficiency and judicial economy and the doctrine of comity.  See Federal Defendants' Opposition at 7-9.  These arguments miss the mark.

A.    **Excluding Applicant Intervenors' Cross-Claims Is Likely, As A Practical Matter, To Impair Or Impede Applicant Intervenors' Ability To Protect Their Interests.**

If the Court were to reject intervention for purposes of Applicant Intervenors' counterclaims, Applicant Intervenors would be put in a difficult, if not impossible, position where their cross-claims may never be heard or may be effectively decided before Applicant Intervenors have a chance to litigate them.  Applicant Intervenors' alternative to bringing their cross claims in this action would be to file a separate lawsuit challenging the 2007 Final Rule.  However, due to similarities between Plaintiffs' claims and Applicant Intervenors' claims, it is likely that such a lawsuit would involve many of the same issues as the dispute between the existing parties in this consolidated action.  This means that an adjudication of the dispute between the existing parties may, as a practical matter,

---

[3] See Greater Yellowstone Coalition Plaintiffs' Response to International Snowmobile Manufacturers Association et

result in rulings that have preclusive or persuasive impact on other issues Applicant Intervenors must litigate to pursue their claims. As noted in Applicant Intervenors' Opening Briefs, this precedential impact is sufficient to justify intervention. See Opening Brief in GYC at 23-24; Opening Brief in NPCA at 24-25.[4]

### B.      Allowing Applicant-Intervenors To Intervene And Assert Their Cross-Claims In This Action Furthers Policy Goals Of Efficiency And Judicial Economy And The Doctrine Of Comity.

Federal Defendants argue that Applicant Intervenors' cross-claims, if allowed, would frustrate the goals of efficiency and judicial economy that underlie Federal Rule of Civil Procedure 13. According to Federal Defendants, Applicant Intervenors' filing of their cross-claims in this Court creates a risk of a judgment inconsistent with that of the U.S. District Court for the District of Wyoming, where Applicant Intervenors have been admitted to the case brought by the State of Wyoming challenging the most recent snowmobile rules. What Federal Defendants fail to acknowledge, however, is that the risk of inconsistent judgments exists regardless of whether the Court allows Applicant Intervenors' cross-claims here, and Applicant Intervenors' cross-claims have no additional adverse impact on these goals of efficiency, judicial economy, and comity.

The State of Wyoming and Park County, petitioners in the consolidated action pending in Wyoming, claim, *inter alia*, that the 2007 Final Rule is invalid, arbitrary and capricious, and contrary to federal law in its reduction of daily snowmobile entries into Yellowstone National Park

---

al.'s Motion to Intervene, (ECF Doc. No. 27) ("GYC's Response").
[4] For example, if the Court were to resolve Plaintiffs' claims in the Federal Defendants' favor and hold that the 2007 Final Rule is valid, in compliance with law, and not arbitrary and capricious, this could have an impact on Applicant Intervenors' claims in a separate lawsuit that the 2007 Final Rule is invalid, not in compliance with law, and arbitrary and capricious in its decrease of the daily snowmobile limit and its imposition of the commercial guide requirement. At the very least, such a situation would create a real potential for inconsistent rulings on issues common to the two proceedings, a result that could be avoided by adjudicating Applicant Intervenors' claims in this case alongside Plaintiffs' claims.

{G:\101238\12\00001414.DOC}

from the prior limit of 720 to the new limit of 540.[5]  The petitioners in those consolidated cases seek an increase in daily snowmobile entry limits and/or a restoration of the prior 720 vehicle per day limit.  Applicant Intervenors here have been granted intervention in that consolidated action to pursue claims against the Federal Defendants mirroring their proposed cross-claims here.

Federal Defendants also argue that concerns of comity between courts supports denying Applicant Intervenors' motion to intervene for purposes of their cross-claims.  Applicant Intervenors did not create the circumstances here implicating comity between courts.  That concern will be implicated as long as the consolidated action in this Court and the consolidated action in the Wyoming court continue,[6] and can be addressed through Federal Defendants' Motion to Transfer this consolidated action to Wyoming (ECF Doc. No. 25).  Applicant Intervenors seek only to ensure that their claims are heard as a part of the parties' overall dispute, regardless of which forum or fora ultimately decide the dispute.

The pendency of these dual actions in this Court and in Wyoming is what creates the concerns Federal Defendants cite, not Applicant Intervenors' attempt to file cross-claims in this Court.  Indeed, if Plaintiffs prevail here, the 2007 Final Rule will be invalidated, likely barring all daily snowmobile entries into Yellowstone.  If the petitioners in the Wyoming litigation prevail, the 2007 Final Rule will likely be modified to increase daily snowmobile limits.  If Plaintiffs here and petitioners in Wyoming prevail, the Federal Defendants may be subject to inconsistent judgments

---

[5] See Petition for Review of Final Agency Action, Case No. 07-CV-319B in the U.S. District Court for the District of Wyoming, attached as Exhibit 4 to Federal Defendants' Opposition (ECF Doc. No. 26-5).

[6] As the Court is aware, issues of comity and inconsistent judgments arose in connection with the litigation regarding the 2003 Winter Use Plan which proceeded in this Court and the Wyoming U.S. District Court.  Those actions resulted in inconsistent judgments and incompatible demands on Federal Defendants despite the absence of any affirmative claims against Federal Defendants by Applicant Intervenors, who intervened in this Court in that litigation to defend against claims similar to those brought by Plaintiffs here.  Compare Int'l Snowmobile Mfrs. Ass'n. v. Norton, 304 F. Supp. 2d 1278 (D. Wy. 2004) with Fund for Animals v. Norton, 294 F. Supp. 2d 92 (D.D.C. 2003); see Applicant Intervenors' Opening Brief at 11-13.

regardless of Applicant Intervenors' cross-claims.[7]

The pendency of separate proceedings in Wyoming and in this Court implicates the concerns of efficiency, judicial economy, and comity that Federal Defendants cite. Applicant Intervenors did not create this situation and do not adversely impact these concerns by asserting their cross-claims here – Applicant Intervenors merely seek to ensure that their claims are heard in whichever forum or fora eventually decide this dispute. Accordingly, allowing Applicant Intervenors' cross-claims here has no adverse impact on efficiency, judicial economy, or the doctrine of comity.

II.    **Regardless Of Whether Applicant Intervenors Have The Right To Do So, It Would Make No Sense To Deny Them The Opportunity To Pursue Their Cross-Claims In This Action If The Court Grants Them Intervention To Defend Against Plaintiffs' Claims.**

Even if Federal Defendants were correct that Applicant Intervenors have no *right* to assert their cross-claims here, the Court should grant permissive intervention for purposes of Applicant Intervenors' cross-claims. Numerous past cases have involved intervenor-defendants who asserted cross-claims against other defendants which were frequently governmental agencies. See, e.g., Public Citizen, Inc. v. Mineta, 427 F. Supp. 2d 7, 9 (D.D.C. 2006) (intervenor-defendants asserted cross-claims against defendant agency); Turner Broadcasting System, Inc. v. F.C.C., 819 F. Supp. 32 (D.D.C. 1993)[8] (noting that matters before the Court included, *inter alia*, "intervenor-defendant's motion for summary judgment on a cross-claim"), vacated on other grounds, 512 U.S. 622 (1994); Development Finance Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 160-61 (3d Cir.

---

[7] Federal Defendants have filed a motion seeking a transfer of this consolidated action to Wyoming (ECF Doc. No. 25). Such a transfer would likely alleviate many of the concerns related to comity, the possibility of inconsistent judgments, and the pendency of parallel actions in separate courts, as well as serving Wyoming's interest in having a dispute of particular local importance decided locally. Unless and until that happens, however, Applicant Intervenors should be permitted to assert their claims in both Courts where these consolidated actions are pending in order to protect their interests.

[8] Precise pagination is not available for Judge Williams' memorandum opinion and order in Turner Broadcasting System. The relevant excerpt appears immediately before Section I of the opinion, and is tabbed in the copies submitted to Judge Sullivan's chambers pursuant to his March 19, 2008 Order (ECF Docs. No. 23 in the GYC Case

1995) (discussing federal courts' supplemental jurisdiction in diversity cases over, *inter alia*, cross-claims by intervenor defendants); <u>Bell Atlantic-Pennsylvania, Inc. v. Pennsylvania Pub. Util. Comm'n.</u>, 273 F.3d 337, 342 (3d. Cir. 2001) (noting that "Worldcom and AT&T intervened as defendants and counterclaimed and cross-claimed to challenge other aspects of the Global Order"). Moreover, doing so in this case furthers the goals of efficiency and judicial economy underlying Federal Rule of Civil Procedure 13.

As Federal Defendants note, the purpose of Rule 13 is "to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps." Charles Alan Wright et al., <u>Federal Practice and Procedure</u>, Civ. 2d § 1431 (2008) (cited in Federal Defendants' Opposition at 8). Allowing Applicant Intervenors' cross-claims here serves this exact purpose. If the Court grants Applicant Intervenors' Motion to Intervene for purposes of defending against Plaintiffs' claims (which no party opposes), it should allow Applicant Intervenors' cross-claims in order to "avoid multiple suits and to . . . determin[e] . . . the entire controversy among the parties before the court with a minimum of procedural steps." <u>Id</u>. <u>See also</u> <u>Hoffman v. Wisner Classic Mfg. Co., Inc.</u>, 927 F. Supp. 67, 74 (E.D.N.Y. 1996) ("Courts are to interpret Rule 13 liberally consistent with the general objectives of the Rule in order to avoid multiplicity of litigation, minimize the circuity of actions and foster judicial economy" (internal quotations and citations omitted)).

As noted above, Applicant Intervenors seek only to ensure that their claims are heard wherever the merits of this underlying dispute and the dispute pending in Wyoming are ultimately heard. The alternative for Applicant Intervenors to asserting their cross-claims here is to file a separate lawsuit where the parties would have to relitigate the same or similar issues and where

Applicant Intervenors would face possible adverse preclusive or persuasive impacts from rulings in this consolidated action or where the parties and the Court would risk inconsistent judgments between this consolidated action and that future action. Whether or not the Court agrees that Applicant Intervenors have a right to pursue their cross-claims in this action, it makes little sense to deny them that opportunity, when allowing Applicant Intervenors' cross-claims would further the goals of efficiency and judicial economy underlying Rule 13. If the Court finds that Applicant Intervenors have no right to intervene to assert their cross-claims, it should grant them permissive intervention to do so.

**III.  Permissive Intervention For Applicant Intervenors To Assert Their Cross-Claims Is Appropriate Here To The Extent The Court Denies Intervention As Of Right To Assert Their Cross-Claims.**

Federal Defendants argue that the Court should deny Applicant Intervenors' alternative request for permissive intervention with regard to their proposed cross-claims because allowing those cross-claims will "increase the burden on the parties and the Court by compelling them to address claims that are not before the Court." Federal Defendants' Opposition at 10. Federal Defendants further argue that this would result in undue burden and delay, prejudice to the existing parties, and duplication of their claims in the Wyoming litigation. Federal Defendants' arguments are unpersuasive.

By definition, any cross-claims, counterclaims, or even additional claims in an amended complaint will require a court to address claims not previously before it. By Federal Defendants' standards, then, all such procedural mechanisms, specifically provided by the Federal Rules of Civil Procedure, would be barred. Such a result makes no sense, especially since one of the reasons such procedural mechanisms exist is to promote the goals of efficiency and judicial economy by allowing all claims between parties already before the Court to be resolved without the need for separate

proceedings.  See Columbia Plaza Corp. v. Security Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975). The same goals strongly support granting Applicant Intervenors intervention for purposes of their counterclaims as well as to defend against Plaintiffs' claims, especially where, as here, Plaintiffs' claims and Applicant Intervenors' claims involve the same administrative record, the same final agency action, and many of the same issues.

Furthermore, to the extent any additional burden or delay is occasioned by granting intervention to Applicant Intervenors with regard to their cross-claims, it will be minimal as the final agency action being challenged and the administrative record to be reviewed already in connection with Plaintiffs' claims are the exact same as those that will be at issue in Applicant Intervenors' cross-claims.  Furthermore, the issues to be decided with regard to Plaintiffs' claims, such as the legal validity of the 2007 Final Rule under the Administrative Procedure Act and other federal law, are also at issue in Applicant Intervenors' cross-claims.  Given these common elements between Plaintiffs' claims and Applicant Intervenors' cross-claims, any prejudice to the existing parties will be minimal, especially in comparison to the much greater burden on the Court if Applicant Intervenors were forced to bring their claims in a separate action.

Federal Defendants are correct that Applicant Intervenors, despite their long history of involvement in Yellowstone Winter Use Plan litigation in this Court and in the federal court in Wyoming, have never sought to bring cross-claims as defendant intervenors.  However, this does not mean that Applicant Intervenors could never have done so or that they should be denied the opportunity to do so now.  Two distinct features of the 2007 Final Rule[9] have led to Applicant Intervenors' decision to do so here.  As noted above, litigation over the 2003 Winter Use Plan led to

---

[9] Applicant Intervenors' proposed cross-claims seek to challenge only the 2007 Final Rule's reduced daily limit on snowmobile entries into Yellowstone National Park and the requirement that all riders be accompanied by a commercial guide.  See Lodged Answer and Cross-Claims in the GYC Case (ECF Docs. No. 24-6) at ¶ 40; Lodged

different judgments by this Court and the Wyoming court despite the absence of cross-claims by Applicant Intervenors, belying Federal Defendants' argument that allowing Applicant Intervenors' cross-claims will lead to potentially inconsistent judgments. Indeed, as noted above that potential is already present due to the existence of separate consolidated actions in separate courts, and can best be alleviated by granting Federal Defendants' Motion to Transfer, not by denying Applicant Intervenors intervention for purposes of their cross-claims. Indeed, Federal Defendants recognize this fact when they state, "Unless either this Court or the court in Wyoming grants Federal Defendants' Motion to Transfer, Federal Defendants will be in the position of having to litigate two sets of cases relating to the same Final Rule in different courts on similar schedules." Federal Defendants' Opposition at 11.

## CONCLUSION

For the reasons stated herein, and in Applicant Intervenors' Memoranda in Support of their Motions to Intervene (ECF Docs. No. 24 in the GYC Case and No. 15-2 in the NPCA Case), Applicant Intervenors request that the Court grant their Motions to Intervene in all aspects of this consolidated case.


DATED: April 3, 2008

                                        Respectfully submitted,

                                        _/s/ William P. Horn_____
                                        William P. Horn
                                        D.C. Bar No. 375666
                                        David E. Lampp
                                        D.C. Bar No. 480215
                                        1155 Connecticut Avenue, N.W., Suite 1200
                                        Washington, DC  20036

Answer and Cross-Claims in the NPCA Case (ECF Doc. No. 15-7) at ¶ 40.

Telephone: (202) 659-5800
Facsimile:  (202) 659-1027

*Attorney for Applicant Defendant
Intervenors International Snowmobile
Manufacturers Association, American
Council of Snowmobile Associations,
BlueRibbon Coalition, and Terri Manning*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of April, 2008, I filed the foregoing by emailing it to the Court Clerk, according to the Court Clerk's instructions, after which I understand that it will be posted by the Clerk to the CM/ECF system, which will cause the following counsel to be served by electronic means.  I further certify that I caused correct copies of the foregoing to be served by placing the same in the U.S. first class mail, postage prepaid, addressed as follows:

The Hon. Michael B. Mukasey
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530

Barry A. Weiner
Guillermo A. Montero
Luther L. Hajek
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC  20044

Jeffrey A. Taylor, Esq.
United States Attorney for the District of Columbia
555 Fourth Street, NW
Washington, DC  20530

The Honorable Dirk Kempthorne
Secretary
United States Department of the Interior
1849 C Street, NW
Washington, DC  20240

The Honorable Mary Bomar
Director, National Park Service
1849 C Street NW
Washington, DC  20240

David S. Baron
Earthjustice
1625 Massachusetts Ave., NW, Suite 702
Washington, DC  20036

Douglas L. Honnold
Sean M. Helle
Earthjustice
209 South Willson Ave.
Bozeman, MT  59715

  /s/ David E. Lampp
David E. Lampp