IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DIRK KEMPTHORNE, et al.,<br><br>　　　　Defendants. | Case No. 07-cv-2111 (EGS)<br><br>[Hearing on Motions for Summary Judgment on August 27, 2008] |
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE,<br><br>　　　　Defendants. | Case No. 07-cv-2112 (EGS)<br><br>[Hearing on Motions for Summary Judgment on August 27, 2008] |

**PLAINTIFF NATIONAL PARKS CONSERVATION ASSOCIATION'S
MOTION FOR LEAVE TO FILE SURREPLY**

Pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7(m), Plaintiff National Parks Conservation Association ("NPCA") respectfully moves this Court for permission to file the attached surreply in response to the Federal Defendant's April 16, 2008 Reply Brief in Support of Motion to Transfer Case. NPCA requests leave to file this surreply to address briefly one argument raised for the first time in the Federal Defendant's Reply Brief. *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002). Specifically, Federal Defendants' reply brief argued that the NPCA's initial complaint, filed November 21, 2008, did not challenge

final agency action for purposes of the Administrative Procedure Act and was therefore premature and should not be considered in determining whether this action was initiated prior to those initiated in Wyoming. Federal Defendants could have, but did not, make that argument in their opening brief. Accordingly, NPCA seeks leave to proffer to the Court citations of cases which demonstrate the error in the Federal Defendants' new argument.

### STATEMENT PURSUANT TO LCvR 7(m)

Pursuant to Local Rule 7(m), counsel for the parties have conferred but were unable to eliminate or narrow their areas of disagreement. Notwithstanding this, in an effort to facilitate the Court's consideration of this motion, counsel for both parties have agreed to file their papers no later than 3 p.m. on the date of this motion. In addition, Federal Defendants have agreed not to oppose Plaintiffs' motion for expedited consideration, which is filed concurrently herewith.

Respectfully submitted,

/s/ Robert D. Rosenbaum
Robert D. Rosenbaum (D.C. Bar No. 090498)
Francis A. Franze-Nakamura (D.C. Bar No. 497985)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004
Phone:   (202) 942-5862
Fax:       (202) 942-5999

Attorneys for Plaintiff

Dated:  April 18, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, et al., ) ) ) | |
| Plaintiffs, ) ) | Case No. 07-cv-2111 (EGS) |
| v. ) ) | [Hearing on Motions for Summary Judgment on August 27, 2008] |
| DIRK KEMPTHORNE, et al., ) ) | |
| Defendants. ) | |

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, ) ) ) | |
| Plaintiff, ) ) | Case No. 07-cv-2112 (EGS) |
| v. ) ) | [Hearing on Motions for Summary Judgment on August 27, 2008] |
| UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE, ) ) ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

Having considered Plaintiff National Parks Conservation Association's April 18, 2008 motion for leave to file a surreply, it is hereby ORDERED that the motion is GRANTED.

SO ORDERED.

                                                        EMMET G. SULLIVAN
                                                        United States District Judge

Dated:  April __, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, et al., <br><br> Defendants. | Case No. 07-cv-2111 (EGS) <br><br> [Hearing on Motions for Summary Judgment on August 27, 2008] |
| NATIONAL PARKS CONSERVATION ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE, <br><br> Defendants. | Case No. 07-cv-2112 (EGS) <br><br> [Hearing on Motions for Summary Judgment on August 27, 2008] |

**PLAINTIFF NATIONAL PARKS CONSERVATION ASSOCIATION'S SURREPLY IN OPPOSITION TO MOTION TO TRANSFER**

While Plaintiff National Parks Conservation Association ("NPCA") disagrees with much in the Federal Defendants' reply brief in support of their motion to transfer, we file this surreply to make only the following point:

The Federal Defendants claim that NPCA's first-filed complaint is not entitled to "first-filed" status because, when the NPCA filed that complaint on November 21, 2007, it was supposedly premature. But this is simply wrong as a matter of law. That complaint challenged

the Federal Defendants' Final Environment Impact Statement and Record of Decision on the grounds they violated the National Environmental Policy Act ("NEPA") and that they were, under the Administrative Procedure Act ("APA"), arbitrary and capricious. *See* Federal Defendants' Ex. I, at 19-24. No challenge was made to the rule, which had not at that time been adopted, and no claim was asserted that Federal Defendants had violated the statutes governing the administration of these parks or other substantive legal requirements. A final environment impact statement and a record of decision constitute final agency action for the purpose of a challenge to those agency actions under NEPA and the APA. *See, e.g.*, *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1173 (11th Cir. 2006) (In NEPA challenge, final EIS or record of decision constitutes final agency action.); *Center for Biological Diversity v. Pirie*, 191 F. Supp. 2d 161, 176 (D.D.C. 2002) (Sullivan, J.) (same); *California Dept. of Health Services v. Babbitt*, 46 F. Supp. 2d 13, 21 (D.D.C. 1999) (Sullivan, J.) (same); *Atchison, Topeka and Santa Fee Railway Co. v. Callaway*, 431 F. Supp. 722, 729 (D.D.C. 1977) (same).

      Accordingly, when NPCA filed its initial complaint on November 21, 2007, asserting that the Final Environmental Impact Statement and Record of Decision in this matter failed to comply with NEPA and were arbitrary and capricious, that complaint challenged final agency action. And that complaint was filed 3 weeks before that by the State of Wyoming, 6 weeks

before that by Park County and 3 months before that by the Wyoming intervenors.

                    Respectfully submitted,

                    /s/ Robert D. Rosenbaum
                    Robert D. Rosenbaum (D.C. Bar No. 090498)
                    Francis A. Franze-Nakamura (D.C. Bar No. 497985)
                    ARNOLD & PORTER LLP
                    555 Twelfth Street, NW
                    Washington, DC  20004
                    Phone:    (202) 942-5862
                    Fax:       (202) 942-5999

                    Attorneys for Plaintiff

Dated:  April 18, 2008