William P. Horn (DC Bar No. 375666)
David E. Lampp (DC Bar No. 480215)
Birch Horton Bittner & Cherot, PC
1155 Connecticut Ave. NW, Suite 1200
Washington, DC  20036
Telephone:  (202) 659-5800
Facsimile:  (202) 659-1027

*Attorneys for Defendant Intervenors*
*International Snowmobile Manufacturer's Association,*
*American Council of Snowmobile Associations,*
*BlueRibbon Coalition, Inc., and Teri Manning*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, et al. | |
| Plaintiffs, | |
| v. | Case No. 1:07-cv-02111 (EGS) |
| KEMPTHORNE, et al. | [HEARING ON MOTIONS FOR SUMMARY JUDGMENT ON AUGUST 27, 2008] |
| Defendants, | |
| and | |
| THE INTERNATIONAL SNOWMOBILE MANUFACTURER'S ASSOCIATION, et al. | |
| Defendant-Intervenors. | |

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, | |
| Plaintiff, | |
| v. | Case No. 1:07-cv-02112 (EGS) |
| UNITED STATES DEPARTMENT OF INTERIOR, et al. | [HEARING ON MOTIONS FOR SUMMARY JUDGMENT ON AUGUST 27, 2008] |
| Defendants, | |

|  |  |
|---|---|
| and | ) |
|  | ) |
| THE INTERNATIONAL SNOWMOBILE MANUFACTURER'S ASSOCIATION, et al. | ) ) ) |
|  | ) |
| Defendant-Intervenors. | ) |
|  | ) |

**DEFENDANT INTERVENORS' ANSWER TO PLAINTIFF
NATIONAL PARKS CONSERVATION ASSOCIATION'S FIRST AMENDED AND
SUPPLEMENTED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Intervenors the International Snowmobile Manufacturer's Association ("ISMA"), American Council of Snowmobile Associations ("ACSA"), BlueRibbon Coalition, Inc. ("BRC"), and individual Teri Manning (collectively, the "Intervenors"), by and through counsel hereby answer Plaintiff National Parks Conservation Association's First Amended Petition for Review of Agency Action (ECF Doc. No. 7) ("Amended Petition"), filed December 18, 2007, in light of the Court's April 24, 2008 Memorandum Opinion and Order (ECF Docs. Nos. 35, 36) granting in part Defendant Intervenors' Motion to Intervene (ECF Doc. No. 15).

Unless specifically stated otherwise, the numbered paragraphs in Intervenors' Answer correspond to the numbered paragraphs in Plaintiffs' First Amended Petition for Review.

**INTERVENORS' ANSWER**

1. Admit that the 2007 Final Rule, which amends 36 C.F.R. §§ 7.13, 7.21, and 7.22, establishes a limit of 540 snowmobiles per day allowed into Yellowstone National Park. The rest of Plaintiffs' ¶ 1 is denied or constitutes Plaintiffs' characterization of their claims, to which no response is required.

2. Admit that the 2007 Final Rule is the most recent regulatory provision governing snowmobile use in Yellowstone National Park. The rest of Plaintiffs' ¶ 2 is denied.

3. Intervenors have insufficient information to either admit or deny Plaintiffs' allegations in ¶ 3. To the extent a response is required, Plaintiffs' allegations in ¶ 3 are denied.

4. Deny.

5. Plaintiffs' ¶ 5 asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, Plaintiffs' ¶ 5 is denied.

### Jurisdiction and Venue

6. Plaintiffs' ¶ 6 contains assertions of legal conclusions to which no response is required.

**7.** Admit that Federal Defendants are located in this District. The remainder of Plaintiffs' ¶ 7 contains assertions of legal conclusions to which no response is required.

### Parties and Standing

8. Deny that snowmobile use significantly impairs Yellowstone visitors' enjoyment of Yellowstone National Park in the winter, or that snowmobiles have "substantial adverse impacts" on wildlife. Further deny that the 2007 Final Rule will have any significant adverse impact on Plaintiffs' members' use or enjoyment of Yellowstone National Park or its wildlife, scenery, natural soundscapes, or fresh air. Intervenors have insufficient information to either admit or deny the remaining allegations in Plaintiffs' ¶ 8, and on information and belief, admit them.

9. Admit as to Plaintiffs' description of Federal Defendants.

### Factual Background

10. Admit that Yellowstone National Park is the nation's first national park and was established by act of Congress in 1872. The remainder of Plaintiffs' ¶ 10 contains allegations of opinion that require no response and recitations of documents that speak for themselves.

11. Plaintiffs' ¶ 11 contains allegations of opinion that require no response and recitations of documents that speak for themselves.

*The Legal Framework*

12. Plaintiffs' ¶ 12 contains Plaintiffs' legal conclusions to which no response is required.

13. Plaintiffs' ¶ 13 contains Plaintiffs' legal conclusions to which no response is required.

14. Admit that Congress created the National Park Service in 1916. The remainder of ¶ 14 contains recitations of language from statutes that speak for themselves, and legal conclusions to which no response is required.

15. Intervenors have insufficient information to either admit or deny the first two sentences of Plaintiffs' ¶ 15, but, on information and belief, deny them. The remainder of ¶ 15 contains Plaintiffs' recitation of documents that speak for themselves and/or legal conclusions that require no response.

16. Plaintiffs' ¶ 16 contains Plaintiffs' recitation of documents that speak for themselves, and legal conclusions to which no response is required. To the extent a response is required, the allegations in ¶ 16 are denied.

17. Plaintiffs' ¶ 17 contains their characterizations of documents that speak for themselves, and no response is required.

18. Plaintiffs' ¶ 18 contains their characterizations of documents that speak for themselves, and legal conclusions for which no response is required.

*The History of Snowmobile Regulation in Yellowstone*

19. Admit that a lawsuit was filed in 1997 in this Court regarding use of snowmobiles

in the Parks. The remainder of ¶ 19 contains characterizations of documents that speak for themselves and legal conclusions to which no response is required. To the extent any response is required, the remaining allegations in ¶ 19 are denied.

20. Admit.

21. Plaintiffs' ¶ 21 contains Plaintiffs' characterizations of documents that speak for themselves. No response is required.

22. Admit that the Wyoming Plaintiffs reopened the Wyoming litigation and obtained a preliminary injunction from the U.S. District Court for the District of Wyoming in February 2004. The remainder of Plaintiffs' ¶ 22 constitutes Plaintiffs' characterization of that court's decision, which speaks for itself.

23. Admit that NPS adopted an interim rule applicable during winter 2004-2005, winter 2005-2006, and winter 2006-2007, providing for limits on snowmobile entries of up to 720 per day. The remainder of Plaintiffs' ¶ 23 is Plaintiffs' characterization of a document that speaks for itself.

24. Admit.

25. Admit that NPS stated its intention, at the time it passed the November 2005 interim rule to govern winter usage from winter 2004-2005 through winter 2006-2007, to collect additional monitoring data snowmobile and snowcoach use. The remainder of Plaintiffs' ¶ 25 is denied.

26. Admit that the 2004 interim rule allowed for 720 snowmobiles per day in Yellowstone National Park. Intervenors have insufficient information to either admit or deny Plaintiffs' allegation of the number of snowmobiles entering Yellowstone per day for the past four winter seasons, and therefore that allegation is denied. The remainder of Plaintiffs' ¶ 26 is

denied.

*The 2007 Environmental Impact Statement*

27. Admit that, in March 2007, the NPS issued for public comment a draft environmental impact statement ("DEIS") relating to a winter use plan for the Parks. The remainder of Plaintiffs' ¶ 27 characterizes a document that speaks for itself.

28. Admit that the "preferred alternative" in the March 2007 DEIS allowed 720 snowmobiles per day into Yellowstone National Park. The remainder of Plaintiffs' ¶ 28 characterizes a document that speaks for itself.

29. Intervenors have insufficient information to either admit or deny that the NPS received comments on the March 2007 DEIS from more than 122,000 commenters, and on information and belief, Intervenors admit that allegation. The remainder of Plaintiffs' ¶ 29 characterizes documents that speak for themselves.

30. Admit that the NPS, in September 2007, issued a final environmental impact statement ("FEIS"), and that the "revised preferred alternative" in the September 2007 FEIS allowed 540 snowmobiles per day to enter Yellowstone National Park. The remainder of Plaintiffs' ¶ 30 is denied.

31. Plaintiffs' ¶ 31 characterizes a document that speaks for itself.

*The Adverse Effects of the Winter Use Plan Identified in the FEIS and the NPS's Studies*

32. Deny.

33. Plaintiffs' ¶ 33 characterizes a document that speaks for itself.

34. Deny that that the facts in the FEIS demonstrate any particular level of adverse impact from a 540-snowmobile per day limit. The remainder of Plaintiffs' ¶ 34 characterizes a document that speaks for itself.

35. Deny.

36. Admit that the FEIS analyzes audibility of snowmobile noise in a number of locations in Yellowstone National Park. The remainder of Plaintiffs' ¶ 36 characterizes a document that speaks for itself.

37. Deny, except to the extent Plaintiffs' ¶ 37 characterizes the FEIS, which speaks for itself.

38. Intervenors have insufficient information to either admit or deny the first sentence in Plaintiffs' ¶ 38, and on information and belief, deny it. The second and third sentences of Plaintiffs' ¶ 38 characterize NPS studies that speak for themselves. The fourth sentence of Plaintiffs' ¶ 38 is denied.

39. The first sentence in Plaintiffs' ¶ 39 characterizes the 2007 FEIS which speaks for itself. The second sentence in Plaintiffs' ¶ 39 is admitted, although the 2004 interim rule speaks for itself. The remainder of Plaintiffs' ¶ 39 is denied.

40. The first three sentences in Plaintiffs' ¶ 40 characterize a document that speaks for itself. The fourth sentence in Plaintiffs' ¶ 40 is denied.

*Adverse Impact on Wildlife*

41. Deny.

42. Plaintiffs' ¶ 42 characterizes a document that speaks for itself.

43. The first sentence of Plaintiffs' ¶ 43 is admitted. The second, third, and fourth sentences of Plaintiffs' ¶ 43 characterize a document that speaks for itself. The last two sentences of Plaintiffs' ¶ 43 are denied.

44. Intervenors have insufficient knowledge to either admit or deny the first three sentences of Plaintiffs' ¶ 44, and on information and belief, deny them. The fourth and fifth

sentences of Plaintiffs' ¶ 44 characterize documents that speak for themselves. The remainder of Plaintiffs' ¶ 44 is denied.

*Adverse Impact on Air Quality*

45. Deny.

46. Plaintiffs' ¶ 46 characterizes documents that speak for themselves.

47. Plaintiffs' ¶ 47 characterizes documents that speak for themselves.

48. Plaintiffs' ¶ 48 characterizes documents that speak for themselves.

49. Intervenors deny the allegations in the first sentence of Plaintiffs' ¶ 49. The remainder of Plaintiffs' ¶ 49 characterizes a document that speaks for itself.

50. Plaintiffs' ¶ 50 characterizes documents, models, and studies that speak for themselves. To the extent a response is required, Intervenors deny the allegations in Plaintiffs' ¶ 50.

51. Intervenors deny the allegations in the first and third sentences of Plaintiffs' ¶ 51. The remainder of Plaintiffs' ¶ 51 characterizes a document that speaks for itself.

*The Record of Decision*

52. Intervenors admit the allegations in the first sentence of Plaintiffs' ¶ 52. The remainder of Plaintiffs' ¶ 52 is denied.

*Adoption of the Regulation*

53. Deny.

## First Claim for Relief

54. Plaintiffs' ¶ 54 characterizes the Administrative Procedure Act, which speaks for itself.

55. Deny that the Winter Use Plan is contrary to law for the reasons alleged by

Plaintiffs. The remainder of Plaintiffs' ¶ 55 is denied. Furthermore, Plaintiffs' ¶ 55 characterizes documents, statutes, and regulations that speak for themselves.

### Second Claim for Relief

56. The first sentence of Plaintiffs' ¶ 56 characterizes the Administrative Procedure Act, which speaks for itself. Furthermore, Plaintiffs' ¶ 56 characterizes documents, statutes, and regulations that speak for themselves. The remainder of Plaintiffs' ¶ 56 is denied.

### Third Claim for Relief

57. The first sentence of Plaintiffs' ¶ 57 characterizes the National Environmental Policy Act, which speaks for itself. The remainder of Plaintiffs' ¶ 56 contains legal conclusions to which no response is required.

58. Plaintiffs' ¶ 58 contains a number of characterizations of documents, statutes, and regulations that speak for themselves. Intervenors deny Plaintiffs' remaining allegations in ¶ 58.

### Prayer for Relief

No response is required to Plaintiffs' Prayer for Relief ¶¶ 1 and 2. To the extent a response is required, Intervenors deny that Plaintiffs are entitled to the relief they request.

Submitted this 6th day of May, 2008.

        BIRCH HORTON BITTNER & CHEROT, P.C.

        Respectfully submitted,

         /s/ William P. Horn
        William P. Horn (D.C. Bar No. 375666)
        David E. Lampp (D.C. Bar No. 480215)
        Birch Horton Bittner & Cherot, PC
        1155 Connecticut Ave. NW, Suite 1200
        Washington, DC  20036
        Telephone:  (202) 659-5800
        Facsimile:  (202) 659-1027
        whorn@dc.bhb.com; dlampp@dc.bhb.com

*Attorneys for Defendant and Cross-Claim Plaintiff Intervenors International Snowmobile Manufacturers Association, American Council of Snowmobile Associations, Blue Ribbon Coalition, Inc., and Teri Manning*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of May, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means. I further certify that I caused correct copies of the foregoing to be served by placing the same in the U.S. first class mail, postage prepaid, addressed as follows:

Barry A. Weiner
Guillermo A. Montero
Luther L. Hajek
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC  20044

Robert D. Rosenbaum
Donna E. Patterson
Ingo W. Sprie
Kwame Clement
Meetu Kaul
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC  20004

        /s/ David E. Lampp_____
        David E. Lampp