**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————
                                            )
GREATER YELLOWSTONE               )
COALITION, *et al*.,                        )
                                            )
            Plaintiffs,                     )        Civ. No. 07-2111 (EGS)
                                            )
        v.                                  )        [Hearing on Motion for Summary
                                            )        Judgment on August 27, 2008]
DIRK KEMPTHORNE, *et al*.,          )
                                            )
            Defendants.                     )
———————————————————)
                                            )
NATIONAL PARKS CONSERVATION   )
ASSOCIATION,                            )
                                            )
            Plaintiff,                      )        Civ. No. 07-2112 (EGS)
                                            )
        v.                                  )        [Hearing on Motion for Summary
                                            )        Judgment on August 27, 2008]
UNITED STATES DEPARTMENT        )
OF THE INTERIOR, *et al*.,            )
                                            )
            Defendants.                     )
———————————————————)

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION
TO COMPEL DEFENDANTS TO PRODUCE A PRIVILEGE LOG
FOR DOCUMENTS WITHHELD AS "DELIBERATIVE"**

The Government opposes Plaintiffs' joint motion to compel a privilege log by advancing

the remarkable proposition that it has unlimited "discretion to omit from the record internal

communications reflecting deliberations inside the executive branch and need not assert the

deliberative process privilege to do so." Gov. Mem. at 1.[1] Indeed, the Government suggests that

it has the "prerogative" (*see id*. at 13) to withhold documents that would not be covered by

deliberative process privilege, as it contends that only "*some* or all of the documents [withheld]

---

[1]    References to "Gov. Mem." are to Federal Defendants' Opposition To Plaintiffs' Motion To
Compel Defendants To Produce A Privilege Log For Documents Withheld As "Deliberative."

*may* be eligible for such assertion of the privilege." *Id*. at 15 n.5 (emphasis added). Based on this erroneous legal position, the Government says that it can insulate from review its unilateral determination of what materials are "deliberative" by refusing to provide a log identifying the withheld documents. *Id*. at 1.

The Government's position is contrary to the law. That position, if accepted, would have far-reaching and dangerous implications for judicial review under the Administrative Procedure Act ("APA"). The Court should squarely reject that position, direct the Government promptly to assert the deliberative process privilege for any documents to which the Government asserts it applies and to produce a log justifying those assertions. Any documents to which no good faith argument can be made that the privilege applies should be promptly added to the Administrative Record.

## ARGUMENT

### 1.    There Is No Legal Principle That Permits the Government to Exclude "Deliberative Documents" Without Asserting Privilege

The Government asserts that "deliberative" documents are not part of the Administrative Record. That is not the law. The Administrative Record contains all materials that "'were before the agency at the time the decision was made.'" *See Fund For Animals v. Williams*, 391 F. Supp. 2d 191, 196 (D.D.C. 2005) (quoting *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1093 (D.C. Cir. 1996)). The record includes "all materials that might have influenced the agency's decision." *Amfac Resorts, LLC* v. *United States Department of the Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) (internal quotation omitted); *see also Fund For Animals*, 391 F. Supp. 2d at 196 (record includes "all documents that the agency 'directly or indirectly considered.'") (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993)). The deliberative process privilege protects some record documents from being produced, but only when the

Government has properly asserted and supported the applicability of that privilege. "[A]n agency may not unilaterally determine what constitutes the administrative record[.]" *Fund for Animals*, 391 F. Supp. 2d at 197.

In *National Courier Ass'n v. Board of Governors of the Federal Reserve System*, 516 F.2d 1229, 1241 (D.C. Cir. 1975), the D.C. Circuit rejected the Government's assertion there that it has unilateral discretion to determine whether material is "deliberative." The Government had argued that "internal staff memoranda are never part of the record." The Court held, however, that "the proper approach" is to consider deliberative material part of the record "subject to any *privilege* that the agency *properly* claims as protecting its interest in non-disclosure." *Id*. (emphasis added). "The process by which [a] decision has been reached[,]" the court noted, "is often mysterious enough without the agency's maintaining unnecessary secrecy." *Id.* Accordingly, rather than deferring to the agency's "deliberative" declaration as the Government suggested, the court conducted an *in camera* inspection of the documents at issue to determine whether they were properly excluded. *Id.* at 1242-43. While *National Courier* involved direct review of agency action, the Government provides no reason why a different analysis should apply here.

The same conclusion is evident in the D.C. Circuit's opinion in *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 156 F.3d 1279 (D.C. Cir. 1998). The Court there first held that the *deliberative process privilege* was unavailable to the Government in an action alleging that it had acted in bad faith. *See* 156 F.3d at 1279. Through a petition for rehearing, the Government asked the Court to clarify that its holding did not apply in actions challenging agency action under the APA because "[the court's] reasoning could [have been] interpreted as suggesting that the *deliberative process privilege* would not apply in a case where

the government action is challenged as arbitrary and capricious[.]"  *Id.* (emphasis added).  The

Court held that, because the subjective motivations of an agency are generally irrelevant in an

action under the APA, its "holding that the *deliberative process privilege* is unavailable is

limited to those circumstances in which the cause of action is directed at the agency's subjective

motivation."  *Id.* at 1280 (same).  Accordingly, both the Court and the Government there agreed

that the Government's ability to withhold "deliberative materials" in an APA proceeding

depends upon the availability of the deliberative process <u>privilege</u>.

The Government attempts to create the impression that it has support for its untenable

position by relying on cases that determined whether the deliberative process privilege applied to

the documents at issue there — not the issue raised by the instant motion.  *See, e.g., New Mexico

v. Environmental Protection Agency,* 114 F.3d 290, 295 (D.C. Cir. 1997) (denying motion to

supplement record with redacted portions of document because "[t]he redacted portions of the

memorandum qualify for *deliberative process privilege*") (emphasis added); *Kansas State

Network, Inc. v. Federal Communications Commission*, 720 F. 2d 185, 191 (D.C. Cir. 1983)

("intra-agency memoranda and documents recording the deliberative process leading to an

agency decision are *privileged*") (emphasis added); *Fund For Animals,* 391 F. Supp. 2d at 197

(citing *Amfac Resorts LLC v. United States Department of the Interior*, 143 F. Supp. 2d 7, 13

(D.D.C. 2001) for the proposition that "deliberative intra-agency records ordinarily are

*privileged*") (emphasis added); *Amfac Resorts*, 143 F. Supp. 2d at13 ("[D]eliberative intra-

agency memoranda and other such records are ordinarily *privileged* and need not be included in

the record.") (emphasis added).

The Government cites only two cases addressing whether a privilege log is required —

*Blue Ocean Institute v. Gutierrez*, 503 F. Supp. 2d 366 (D.D.C. 2007), and *Tafas v. Dudas*, 530

F. Supp. 2d 786 (E.D. Va. 2008). To the extent these decisions support the Government's position, they are contrary to D.C. Circuit precedent. *Blue Ocean* is not applicable here. In that challenge to the denial of a rulemaking petition, the petitioner sought to have the Government include in the administrative record of the denial "emails and notes of discussions" among Government staff, with no evidence that such documents existed. Here, the Government admits the documents exist and that they are the type of documents that would normally be included in the Record had the Government not affirmatively removed them from it. In *Blue Ocean*, moreover, the magistrate judge backed up his view that such notes of discussions need not be produced by concluding that such materials, if they existed, would be protected in any event by the deliberative process privilege and therefore "unavailable under the clear command of the D.C. Circuit." 503 F. Supp. 2d at 371-72. The only part of the case on which the Government relies, addressing whether a privilege log is required, is in a footnote stating that "it [was] unfair to criticize [the Government] for not claiming a privilege and filing a privilege log as to documents that it claims should not be in the administrative record in the first place[,]" 503 F. Supp. 2d at 372 n.4. If that statement is fairly read as concluding that no log is required for documents withheld as deliberative, the Court erred. In *Tafas*, the Court cited *Blue Ocean* for the proposition that a privilege log need not be produced and thereby duplicated *Blue Ocean*'s error. 530 F. Supp. 2d at 802-03. Simply put, *Tafas* and *Blue Ocean* are contrary to *National Courier Association* and the decisions cited by Plaintiffs — including *International Longshoremen's Association, AFL-CIO v. National Mediation Board*, No. 04-cv-824, 2006 WL 197461 at *4 (D.D.C. Jan. 25, 2006) — that have required the Government to justify its assertions of the deliberative process privilege with a privilege log. The National Park Service and the Department of Justice's Environment and Natural Resources Division have recognized in

their own guidance documents that a privilege assertion is required. *See* Pls.' Mem. at 7-8; *see also* Gov. Mem. at 16-17 (declining to argue that the government's position in this case is consistent with prior guidance of the Division and the Park Service on the issue).

The Government's position that it may unilaterally withhold documents that would otherwise be part of the Administrative Record has dangerous implications for the integrity of the entire judicial review process under the APA. *Cf. Seabulk Transmarine I, Inc. v. Dole*, 645 F. Supp. 196, 202 (D.D.C. 1986) ("[I]ndiscriminate use of the 'deliberative process' privilege to justify expurgation of administrative records may frustrate the process of judicial review of agency action under the APA[.]"). The APA judicial review process was designed by Congress to provide a degree of judicial oversight of governmental actions. The judiciary would be deprived of the ability to determine whether the Government had skewed an administrative record if the reviewing court had no ability to assess the propriety of the Government's position that it may withhold particular documents from the record. Indeed, there would be no purpose for the deliberative process privilege at all if the Government had the power to make such decisions to withhold documents unilaterally and without any justification or review by the Court.

2.    **The Government Has Provided No Reason for the Court to Conclude That the Withheld Documents Are Properly Subject to the Deliberative Process Privilege**

In this case, the materials the Government seeks to withhold as "deliberative" are plainly documents that were before the National Park Service when it approved the Winter Use Plan and are therefore part of the record, absent an applicable privilege. The Government characterizes the documents as "communications between officials at NPS, DOI, OMB, and other executive branch agencies or offices regarding the Winter Use Plan for the Parks." Gov. Mem. at 7. Plaintiffs are entitled to a privilege log so that they can evaluate whether the documents satisfy

the requirements of the deliberative process privilege and whether or not to challenge the

applicability of that privilege.

There is every reason to believe that at least some of the documents withheld do not

satisfy those requirements for the deliberative process privilege because of the Government

carefully worded statement that "*some* or all of the [withheld] documents *may* be eligible for

such assertion of the privilege." *Id*. at 15 n.5 (emphasis added).  In light of the intense interest

by the White House in the Yellowstone snowmobile dispute, it is entirely possible that some of

the withheld documents reflect, not the give-and-take of pre-decisional deliberations, but instead

directives from White House officials to the Department of the Interior and/or NPS.  The Federal

Defendants' description of the documents as constituting "communications between officials at

NPS … and other executive branch agencies or offices" (Gov. Mem. at 7) is broad enough to

include such directives.  Yet such directives would not be subject to the deliberative process

privilege.

**CONCLUSION**

The Court should reject the Government's position that it has the discretion to withhold

record documents without asserting privilege and providing a supporting log.  And the Court

should order the Government to produce a detailed privilege log for all documents withheld on

the ground of the deliberative process privilege within five days of the Court's order.  The

privilege log should specify for each document: (a) the date of the document, (b) the authors,

addressees, and recipients of the document and the position held by each such person and the

office and agency in which that position is held, (c) any persons (in addition to the authors,

addressees, and recipients of the document) involved in the deliberations referred to in the

document, and (d) a description of the information claimed privileged and explanation of why

that information allegedly is privileged.

Dated: May 13, 2008

Respectfully submitted,


/s/ Robert D. Rosenbaum
Robert D. Rosenbaum (D.C. Bar No. 090498)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004
Phone: (202) 942-5862
Fax:    (202) 942-5999

Attorneys for Plaintiff National Parks
Conservation Association


/s/ Sean M. Helle
Douglas L. Honnold (D.C. Bar No. 468323)
Sean M. Helle (D.C. Bar No. 490085)
Earthjustice
209 South Wilson Avenue
Bozeman, MT  59715
Phone: (406) 586-9699
Fax:    (406) 586-9695

David S. Baron (D.C. Bar No. 464222)
Earthjustice
1625 Massachusetts Ave., NW, Ste. 702
Washington D.C.  20036
Phone: (202) 667-4500
Fax:    (202) 667-2356

Attorneys for Plaintiffs Greater
Yellowstone Coalition, *et al.*

8