**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GREATER YELLOWSTONE COALITION, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 07-2111(EGS) |
| v. | ) ) | |
| DIRK KEMPTHORNE, *et al.*, | ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07-2112(EGS) |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF INTERIOR; NATIONAL PARK SERVICE, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Pending before the Court is Plaintiffs' Joint Motion to Compel Defendants to Produce a Privilege Log for Documents Withheld as Deliberative. In our Circuit, there is a well-

established presumption that an agency has properly designated the administrative record absent clear evidence to the contrary. *See Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007); *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 197 (D.D.C. 2005). Clear evidence may be demonstrated by a "strong," "substantial," or "prima facie" showing that the record is incomplete. *Amfac Resorts, L.L.C. v. U.S. Dept of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) (citations omitted).

Plaintiffs have not made a sufficient showing by clear evidence that the record is incomplete or that the deliberative materials omitted should be a part of the administrative record. Courts in this Circuit have long held that deliberative materials are not part of the administrative record. *See Norris & Hirschberg v. SEC*, 163 F.2d 689,693 (D.C. Cir. 1947) ("[I]nternal memoranda made during the decision process are never included in a record."); *see also Fund for Animals*, 391 F. Supp. 2d at 197 ("[A]n agency may generally exclude material that reflects internal deliberations."); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 796-97 (E.D. Va. 2008). As this Circuit stated in *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, "Agency deliberations not part of the record are deemed immaterial. That is because the actual subjective motivation of agency decision-makers is immaterial as a matter of law – unless

there is a showing of bad faith or improper behavior." 156 F.3d 1279, 1279-80 (D.C. Cir. 1998). Any evidence of the National Park Service's internal deliberative work is irrelevant, as it is the agency's stated reasons for the final rule that the Court must consider when conducting arbitrary and capricious review. *Id.* at 1279; *see also Tafas*, 530 F. Supp. 2d at 797. Accordingly, without a strong showing of incompleteness or allegations of bad faith, Plaintiffs may not probe the internal decision-making process of the agency.

Plaintiffs' Motion to Compel a Privilege Log is therefore **DENIED.**

**Signed:**   **EMMET G. SULLIVAN**
**UNITED STATES DISTRICT JUDGE**
**May 23, 2008**